# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SKYHOP GLOBAL LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF LOS ANGELES DEPARTMENT OF PUBLIC WORKS BUREAU OF CONTRACT ADMINISTRATION, et al., <br><br> Defendants. | Case No. 2:25-cv-00940-PD <br><br> **ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

**I.  Pertinent Procedural History and Plaintiff's Claims**

On February 3, 2025, Plaintiff Skyhop Global LLC ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983 for First Amendment Retaliation against the City of Los Angeles Department of Public Works Bureau of Contract Administration ("Defendant").  [Dkt. No. 1.]  Plaintiff seeks to prevent Defendant from continuing to violate Plaintiff's First Amendment rights.  [Id. at 2.]  Plaintiff alleges that Defendant has threatened to terminate Plaintiff's non-exclusive licensing agreement with the City of Los Angeles, which is necessary for Plaintiff to operate its business at Los Angeles

International Airport. [Id.] Plaintiff seeks declaratory, equitable, and injunctive relief against Defendant. [Id.]

On February 4, 2025, the Court Clerk issued a summons as to Defendant. [Dkt. No. 3.] Also on February 4, 2025, the Court Clerk filed a Notice of Assignment to a U.S. Magistrate Judge and Declination of Consent ("Notice of Assignment"). [Dkt. No. 2.]

On May 9, 2025, the Court issued an Order to Show Cause Re Dismissal for Lack of Prosecution ("OSC"). [Dkt. No. 8.] The Court explained that pursuant to Federal Rule of Civil Procedure ("Rule") 4(m), Plaintiff is required to serve the summons and complaint on each defendant within ninety (90) days after the complaint is filed or risk dismissal of the action without prejudice against the unserved defendant(s). *See* Fed. R. Civ. P. 4(m). [Id.] Further, pursuant to Central District of California Local Civil Rule ("Local Rule") 73-2.1, Plaintiff is required to serve the Notice of Assignment on each newly served party or party added to the case at the time of service of the summons and complaint or other initiating document. *See* C.D. Cal. L.R. 73-2.1; *see also* Notice of Assignment. [Id.] Accordingly, Plaintiff was required to serve the summons, complaint, and Notice of Assignment on Defendant by no later than May 5, 2025. Plaintiff, however, failed to do so.

The Court ordered Plaintiff to show cause in writing no later than June 8, 2025, why this action should not be dismissed for lack of prosecution. [Id.] The Court advised Plaintiff that an appropriate response to the OSC would include the filing of a proof of service. The Court specifically advised Plaintiff that failure to respond to the OSC could result in the dismissal of this action. [Id.] To date, Plaintiff has failed to respond to the OSC.

**II.  Discussion**

The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Fed. R. Civ.

2

P. 41(b) for failure to prosecute and failure to comply with a court order. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).

In determining whether dismissal for lack of prosecution is warranted, for failure to comply with a court order or failure to prosecute, the Court must weigh the following factors: (1) the public's interest in the expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant/respondent; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. *Pagtalunan*, 291 F.3d at 642; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). Having weighed these factors, the Court finds that dismissal of the action without prejudice is warranted.

In the instant case, the first two factors favor dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Despite having ample time to effectuate service of the summons and complaint, Plaintiff has failed to file a proper proof of service or otherwise prosecute this action. Plaintiff also has failed to respond to the OSC and demonstrate why this case should not be dismissed for lack of prosecution. Plaintiff's non-compliance hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. Plaintiff's failure to file a proper proof of service of the summons and complaint, respond to the OSC, or otherwise prosecute this case has interfered with the public's interest in the expeditious resolution of this litigation and the Court's need to manage its docket.

The third factor, risk of prejudice to the defendant, weighs in favor of dismissal. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor

dismissal. *See Yourish*, 191 F.3d at 991-92. Here, Plaintiff has not offered any excuse for its continuing failure to file a proper proof of service of the summons and complaint or otherwise respond to the OSC. Moreover, in some cases, " '[t]he failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant [or respondent].' " *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir. 1976)); *see also Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651-52 (9th Cir. 1991). In these circumstances, the "prejudice" element also favors dismissal.

The fourth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal. In this case, however, there is no less drastic sanction available than dismissal without prejudice. The Court afforded Plaintiff ample time to file a proper proof of service of the summons and complaint and warned it that failure to do so could result in dismissal of this action for failure to prosecute. Yet, Plaintiff has not filed the proof of service, responded to the OSC, or otherwise litigated this case. "[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262 (citations omitted).

The fifth and final factor requires the Court to consider the public policy favoring disposition of cases on their merits. "Although there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris*, 942 F.2d at 652. Here, Plaintiff has failed to meet this responsibility and has failed to comply with the Court's orders or prosecute its case.

In light of the procedural history of this case, including Plaintiff's failure to file a proper proof of service of the summons and complaint or

comply with the Court's orders, and the factors weighing in favor of dismissal, the Court concludes that dismissal of this action for failure to prosecute is warranted. *See Link*, 370 U.S. at 630-31 ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

### III. ORDER

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute.

Dated: July 17, 2025         ***PATRICIA DONAHUE***

_____
HON. PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE